LUIS ANTONIO PÉREZ RODRÍGUEZ, ETC., ET AL., Petitioners, *v.* SUPERIOR COURT OF PUERTO RICO, AGUADILLA PART, JOSÉ A. BIANCHI, JUDGE, Respondent; ALBERTO CASTRO, Intervener.

No. O-70-274.     Decided May 19, 1971.

*Luis Negrón López* and *Luis Negrón Lizardi* for petitioners.
*José Méndez Moll* for intervener.

PER CURIAM: The issue in this case is the order of the trial court entered through Judge José A. Bianchi, to the effect that said court acted without jurisdiction, when said court, through another judge, previously set aside its judgment to dismiss this case under Rule No. 11 of the Rules of Administration for the Court of First Instance. The lack of jurisdiction was based on the fact that the motion for reconsideration of said judgment was, at law, denied outright according to the provisions of Rule No. 47 of the Rules of Civil Procedure, and also, because it was not decided within the term said parties had to appeal or to request the review of said judgment.

In synthesis, the intervener alleges:

(1) That the petitioner did not comply with the order to show cause why the case should not be dismissed, circumstance which had previously come forth on eight occasions.

(2) That the petitioner's intent was to present a motion for reconsideration, which is subject to the provisions of the aforementioned Rule 47.

(3) That when he realized that the court did not have jurisdiction, the petitioner tried to deviate the previous motion for reconsideration towards Rule 49.2.

(4) That it being a judgment rendered under Rule 11 of the Rules of Administration an adjudication upon the merits under Rule 39.2 of the Rules of Civil Procedure, the other Rules of Civil Procedure are applicable and, therefore, petitioner's allegation to the effect that Rule 47 is not applicable under the circumstance in which the case stands "is preposterous and groundless."

(5) That "Upon being denied outright the first motion for reconsideration filed by appellant, he should have filed then a petition for review against the judgment rendered

within the term granted by the Rules of Civil Procedure. However, in the instant case, appellant did nothing, waiting for an action from the respondent court, permitting the expiration of the period to file an appeal"; that "it is so, since notice of the judgment was served on March 26, 1969 and the term expired on April 25 of that same year . . . that when the respondent court took action on the Motion for Review it already lacked jurisdiction therefor."

(6) That the order challenged happens to be a judgment which puts an end to the case for which reason petitioner had until November 23, 1970, to file a petition for review which was the only proper remedy, which was not filed, reason for which this certiorari does not lie.

(7) That the cases cited by petitioner in support of his contention are not applicable.

(8) That Rule 49.2 is not applicable for an excusable neglect cannot be invoked because "this happens to be a case which was filed 17 years ago and where there have been countless incidents connected with the dismissal of the same. Besides the negligence in the present action was due to acts of appellant himself . . . that appellant's negligence, far from being excusable, is eminently reprehensible."

At the threshold it is necessary to set forth that the record shows that the unusual delay of the hearing of this case on the merits is the fault of appellant as well as of the intervener, since the former requested and obtained on several occasions that the case be not dismissed for lack of prosecution while the latter has requested and obtained on several occasions the continuance of the hearing set for the case.

The central question which we must decide is whether or not the trial court lacked jurisdiction to set aside its judgment for dismissal.

Let us see the record of the case in connection with the order of the trial court to the effect that it lacked jurisdiction, which is the reason for the challenge:

(a) On July 30, 1953, petitioners, the intervener, and others filed a complaint for damages for the death of their minor son caused by the negligence of González Aponte, while driving a vehicle belonging to intervener, where said minor and his father, petitioner Antonio Pérez Rodríguez, were traveling. Forty thousand dollars were claimed for damages. The answer denying the facts and presenting 4 defenses was filed on July 12, 1954.

(b) After countless continuances of the hearing of the case and after the dismissal of the case was denied, on March 13, 1969, the trial court, through Judge Veray Torregrosa, issued another order in this case directed to the attorneys of the parties for them to show cause why the case should not be dismissed for lack of prosecution.

(c) On March 26, 1969, said magistrate rendered judgment in this case ordering the dismissal of the case pursuant to the provisions of Rule 11 of the Rules of Administration for the Court of First Instance.[1]

(d) On March 28, 1969, appellant filed a Motion on Reconsideration and Continuation of the Case where he stated thus:

"2d—The lack of movement in the instant case has been due to the plaintiffs' difficulties in finding certain witnesses having knowledge of essential and indispensable facts to establish plaintiffs' allegations, and during the last six months it has been due also to the personal and public obligations of plaintiffs' counsel. In part the delay was due, during some time, to the fact that plaintiff moved his residence and his counsel could not communicate with him.

---

[1] "(a) The administrative judge shall dismiss all civil causes which have been pending for more than six months without any proceeding having been taken therein by any of the parties, unless good cause for such inactivity is duly shown. Motions for a continuance or an extension of time shall not be considered a proceeding for purposes of this rule.

"(b) The administrative judge shall order the parties in all such matters to show cause in writing within ten (10) days after notice by the secretary, why the said matters should not be dismissed." (82 P.R.R. 1075.)

"3d—The appearing attorney understands that plaintiffs have a good and just cause of action and that they can establish it in Court, and he understands that for the sake of justice they should be given a last opportunity, since this case has been under prosecution for a long time."

By virtue thereof he requested that said judgment be set aside and that appellants be offered a reasonable term under the agreement that if they were not prepared for trial within said term the case would be dismissed for lack of prosecution.

(e) The previous motion having been set on May 9, 1969, for hearing on June 2, 1969, on the day following this last date the court issued an order granting said motion, setting aside the aforementioned judgment and setting the hearing of the case on its merits for September 17, 1969, at 9 a.m. This order was served on the parties on June 6, 1969.

(f) On August 22, 1969, a change in the legal representation of the intervener took place and on that same date the new attorneys filed a motion requesting the continuance of the hearing of the case because:

"3. In view of what is set forth in the first paragraph of this motion; in view of the fact that the events in this case took place on August 16, 1952, and in view of the fact [that] this case has been countlessly dismissed, the undersigned attorney understands that he should be given a reasonable term to find the possible witnesses to be used in this case and also to gather all the information necessary to give an adequate professional representation in the suit."

(g) On September 26, 1969, the intervener filed a motion where he alleged that the court lacked jurisdiction to set aside the aforementioned judgment on the grounds set forth above. Appellant objected.

(h) The hearing of the foregoing motion having been set for November 3, 1969, the trial court through Judge José A. Bianchi issued an order on March 28, 1970, where it holds that the court acted without jurisdiction when it issued its order setting aside its judgment for dismissal of the case, be-

cause the motion for reconsideration which requested this last order was denied outright according to Rule 47 of the Rules of Civil Procedure and that "Even when said Motion was denied outright, as we pointed out before, the Court could have decided the same only within the term the parties had to review or take appeal from a judgment." By virtue thereof the court left in full force and effect said judgment for dismissal. The filing in the record of the service of the order of March 28, 1970, was made on June 8, 1970, when the same was served.

(i) The reconsideration of said motion, filed on June 18, 1970, was set for hearing on July 6, 1970. The intervener filed objection to said reconsideration. Both parties submitted the question to the consideration of the court. On October 23, 1970, the court denied the motion for reconsideration with an order dismissing the case which was mailed to the parties on October 23, 1970.

(j) The certiorari in this case was filed on December 7, 1970.

■ 1.—The assignment to the effect that the present petition for certiorari does not lie because the order challenged is at law a judgment which disposes of the case in a final manner and that, therefore, in order to challenge it, the proper thing was a petition for review and not for certiorari, review which has not been filed within the term prescribed, lacks merit. The challenge of the last order of the trial court (the one which held that the court lacked jurisdiction to set aside the judgment for dismissal) raises only a substantial question of procedural error on a jurisdictional question which should be considered through the petition for certiorari. *Cf. Rodríguez* v. *Municipal Court and Ramos*, 74 P.R.R. 616, 625 (1953); *Román* v. *Municipal Court*, 59 P.R.R. 483, 486 (1941); *Miranda* v. *Heirs of Alicea*, 52 P.R.R. 247, 255, 256 (1937).

954

■ 2.—Although it is true that the motion for reconsideration (previous par. (d)) was filed on March 28, 1969, and that when it was set for hearing the term of five days established by Rule 47 had already expired, it is not less true that the court was not deprived of its power to set it for hearing as it did in the instant case. The court maintained jurisdiction not only to set said motion for hearing but, further on, to act on the grounds of the same, setting aside the judgment in question, setting the case for a hearing on the merits.

■ Although the aforementioned motion was labeled as one for reconsideration, it was in effect a motion to set aside a judgment for dismissal, action which was properly and, in effect, considered under the provisions of Rule No. 49.2 of the Rules of Civil Procedure in connection with an action—the judgment for dismissal—taken under Rule 11 of the Rules of Administration for the Court of First Instance.

Therefore, the order of the trial court issued on March 28, 1970, should be set aside, and its order of June 3, 1969, should be kept in full force. By virtue thereof, the case is remanded to the trial court so that the hearing of the case on the merits be set for the nearest available date, and the parties should be warned that said hearing shall not be continued again unless exceptional circumstances arise so requiring it.

Mr. Justice Hernández Matos did not participate herein.